JAMES D. BOONE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

D. W. BOONE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. A. BOONE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. F. BOONE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF ELI J. TAYLOR, W. L. BURRUSS, ADMINISTRATOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 22760–22763, 37058. Promulgated April 5, 1933.

*Benjamin F. Saunders, Esq., C. E. Mahan, Esq.,* and *Edward M. Woolf, Esq.,* for the petitioners.
*Arthur Clark, Esq.,* and *Elden McFarland, Esq.,* for the respondent.

OPINION.

GOODRICH: Petitioners contend that under the provisions of section 212 (d) as retroactively applied by section 1208, Revenue Act of 1926, the sale of the Brown coal properties in 1920 was an installment sale and that the taxable gain derived therefrom should be computed upon that basis or, in the alternative, if the transaction was not an installment sale, then the notes evidencing the deferred pay-

ments had no market value when received and no taxable gain is to be recognized until petitioners have returned to them their capital investment. Respondent has determined, and maintains, that the transaction was not an installment sale within the meaning of the statute because more than one-fourth of the selling price (which he contends was $550,000) was received and, further, that petitioners may not now change the basis upon which they reported the transaction in their returns.

Obviously, we must first determine the amount of the selling price and the amount of the cash payment. We are convinced that these were $500,000 and $100,000, respectively. It is true, as respondent argues, that both the contract of sale and the deed recite a total consideration of $550,000, and a down payment of $150,000, but those recitals are not necessarily conclusive. Here respondent is neither a party nor a privy to the instruments, and in such case it is well settled that the petitioners may introduce evidence at variance with or in contradiction to the terms of the written instrument to show the real nature of the transaction. *Converse & Co.*, 1 B. T. A. 742; *J. W. Solof*, 1 B. T. A. 776; *Arthur B. Grover*, 3 B. T. A. 508; *Stratton Grocery Co.*, 8 B. T. A. 317; *Amalgamated Sugar Co.*, 4 B. T. A. 568, 575; *C. I. & L. Ry. Co.*, 10 B. T. A. 1143. The evidence is conclusive that, so far as petitioners were concerned, their only agreement was to sell the property for $500,000, of which $100,000 was to be paid in cash. They neither demanded nor expected more, nor, we think, did they receive more. Stover was not their agent. He was the man who purchased from them, whether for himself or for an undisclosed principal, they did not know. The inflation of price in the recital of the contract deed was done for Stover's purposes, at his request and under an agreement to refund to him immediately the excess of $50,000 over the cash payment the partners demanded. Consequently, that excess, when received by petitioners, was impressed with a trust to return it to Stover, to whom the money belonged, and it was not a part of the consideration for which the partnership sold its properties. Therefore, the initial payment did not exceed one-fourth of the purchase price and the transaction falls within the statutory definition of an installment sale. *First Savings & Trust Co.*, 20 B. T. A. 272.

Respecting respondent's contention that because petitioners in their returns for 1920 reported the profit from the sale on an accrual basis they can not now change to the installment basis, we again disagree. We have previously held that there was no statutory authority for reporting income on the installment basis under the Revenue Act of 1918. *B. B. Todd, Inc.*, 1 B. T. A. 762; *H. B. Graves Co.*, 1 B. T. A. 859, *Hoover-Bond Co.*, 1 B. T. A. 929. Obviously, therefore, when

petitioners filed their returns for 1920 they had no right to report the income from this sale on the installment basis. This privilege was accorded them by the provisions of section 212 (d) of the Revenue Act of 1926 as retroactively applied by section 1208 of the same act. To hold that petitioners can not change the method of reporting this installment sale would be contrary to the intention of Congress as expressed in these sections. *Laurence H. Lucker*, 21 B. T. A. 93; *Potter Farms, Inc.*, 6 B. T. A. 111; *Standard Computing Scale Co.* v. *United States*, 52 Fed. (2d) 1018; *M. L. Elken*, 7 B. T. A. 1160; *R. L. Brown Coal & Coke Co.*, 14 B. T. A. 609. Cf. *Key Largo Shores Properties, Inc.*, 21 B. T. A. 1008.

In this view of the case, it is unnecessary to consider petitioner's alternative contention.

*Judgment will be entered under rule 50.*